IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:11CR 218 -1 |
| v. | : | |
| JEFFREY KEITH BOSTIC | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and the defendant, JEFFREY KEITH BOSTIC, in his own person and through his attorney, William C. Ingram, and state as follows:

1. The defendant, JEFFREY KEITH BOSTIC, is presently charged in an Information in case number 1:11CR 218 -1, which charges him with a violation of Title 18, United States Code, Sections 1832(a)(1) and 1832(a)(4), stealing trade secrets.

2. The defendant, JEFFREY KEITH BOSTIC, will enter a voluntary plea of guilty to the Information herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

    a. The defendant, JEFFREY KEITH BOSTIC, understands that as to the Information the maximum term of imprisonment provided by law is not more than ten years, and the maximum fine as to the Information is $250,000.00, or both. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

b. The defendant, JEFFREY KEITH BOSTIC, also understands that to the Information the Court may include as a part of the sentence a requirement that the defendant JEFFREY KEITH BOSTIC be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

c. The defendant, JEFFREY KEITH BOSTIC, also understands that the Court may order that the defendant make restitution in accordance with Title 18, United States Code, Section 3663(c)(1).

d. The defendant, JEFFREY KEITH BOSTIC, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

e. The defendant, JEFFREY KEITH BOSTIC, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his

immigration status. The defendant, JEFFREY KEITH BOSTIC, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States.

3. By voluntarily pleading guilty to the Information herein, the defendant, JEFFREY KEITH BOSTIC, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, JEFFREY KEITH BOSTIC, is going to plead guilty to the Information herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. It is further understood that if the Court determines at the time of sentencing that the defendant, JEFFREY KEITH BOSTIC, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to

3

Section 3E1.1(b) of the Sentencing Guidelines. It is further understood that the Court is not bound by this recommendation.

b. The United States and the defendant, JEFFREY KEITH BOSTIC, agree that the amount of loss, for purposes of Section 2B1.1(b)(1) of the Sentencing Guidelines, is more than $200,000.00, but not more than $400,000.00. It is further understood that the Court is not bound by this recommendation.

6. It is further understood that the United States and the defendant, JEFFREY KEITH BOSTIC, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

7. The defendant, JEFFREY KEITH BOSTIC, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

8. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be

4

entered into unless executed in writing and signed by all the parties.

This the 22nd day of June, 2011.

RIPLEY RAND
United States Attorney

ANAND P. RAMASWAMY
NCSB #24991
Assistant United States Attorney

    P. O. Box 1858
    Greensboro, NC 27402

    336/333-5351

WILLIAM C. INGRAM
Attorney for Defendant

JEFFREY KEITH BOSTIC
Defendant

5