IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFREY KEITH BOSTIC, | ) | |
| | ) | |
| Defendant, | ) | 1:11CR218-1 |
| | ) | |
| and | ) | |
| | ) | |
| ARMACELL, LLC, | ) | |
| | ) | |
| Garnishee | ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on a Claim for Exemptions [Doc. #21] filed by Defendant Jeffrey Keith Bostic ("Defendant"). On July 5, 2011, Defendant was convicted of Theft of Trade Secrets in violation of 18 U.S.C. § 1832(a)(1) and (4), and was sentenced on January 20, 2012, to 5 years probation, restitution of $255,065.00, and a special assessment of $100.00. The Government contends that $500.00 has been credited to the Judgment debt, leaving a total balance of $254,751.06, which includes $254,655.00 in principal and $86.06 in interest. On May 18, 2012, the United States filed an Application for Writ of Continuing Garnishment [Doc. #15] with Armacell, LLC as the garnishee, and a Writ was issued by the Clerk on June 1, 2012. On June 15, 2012, Armacell, LLC filed an Answer indicating that it had possession of Defendant's property in the form of $114,645.00 in a 401(k) plan, and $54,563.00 in a pension. On June 19, 2012, Defendant filed the "Claim for Exemptions" that is presently before the Court, claiming exemptions for (1) wearing apparel and school books and (2) books

and tools of a trade, business, or profession. Defendant did not request a hearing to decide the validity of his claims. The Government has filed a Response noting that the exemptions claimed were not applicable because the Government was not attempting to levy on any personal property described in the claimed exemptions.

Under 18 U.S.C. § 3613, "[t]he United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." Under this provision, however, certain property that is exempt from levy for taxes is also exempt from enforcement of the judgment. 18 U.S.C. § 3613(a)(1). With these limits, 18 U.S.C. § 3613 authorizes the Government to collect a criminal judgment fine using established procedures for enforcing a civil judgment. In this regard, the Federal Debt Collection Procedures Act ("FDCP") "provides the exclusive civil procedures for the United States to recover a judgment on a debt." 28 U.S.C. § 3001(a)(1). Under the FDCP, "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205. Finally, under the FDCP, the judgment debtor may request a hearing to consider "the probable validity of any claim of exemption by the judgment debtor" or "compliance with any statutory requirement for the issuance of the postjudgment remedy granted." 28 U.S.C. § 3202(d).

In the present case, the Writ of Garnishment seeks to garnish funds held in Defendant's retirement plans. Other courts considering similar efforts to garnish funds held in retirement

2

accounts have concluded that garnishment is proper under 18 U.S.C. § 3613 and the Federal Debt Collection Procedures Act. See, e.g., United States v. James, 312 F. Supp. 2d 802 (E.D. Va. 2004); United States v. Rice, 196 F. Supp. 2d 1196 (N.D. Okla. 2002) ("[N]one of the IRS Code exemptions incorporated by § 3613(a)(1) provide an exemption for benefits in a qualified employee pension plan."); United States v. Taylor, Case No. 11-51597, 2012 WL 1309863 (E.D. Mich. Mar. 16, 2012). Moreover, the Writ does not seek to garnish any personal property currently in the Defendant's possession or in the possession of the Garnishee; therefore Defendant's claimed exemptions for (1) wearing apparel and school books and (2) books and tools of a trade, business, or profession, would not apply since the Government does not assert any claim on any of those items.

Finally, the Court notes that Defendant has not requested a hearing, and in any event, no hearing is necessary. Defendant does not raise any claim of statutory noncompliance, and the only issue for a hearing would be the "probable validity of any claim of exemption." 28 U.S.C. § 3202(d). However, there is no need for a hearing to determine the validity of any exemption, since the Government is not attemping to levy on property included in any of the exemptions claimed by Plaintiff. See 28 U.S.C. § 3202(d); United States v. Bank of America, Case No. 4:10CR57.21, 2011 WL 1483716 (E.D. Tex. Mar. 28, 2011) (accepting the Government's contentions "that no hearing is necessary because none of the exemptions apply" in a case where "the United States seeks only to garnish Judgment–Defendant's interest in bank accounts and retirement accounts held by Garnishee–Defendants and nothing more" and "the Garnishee–Defendants are not in possession of wearing apparel, school books, fuel, provisions,

3

furniture and personal effects, books and tools of a trade, business, profession, or undelivered mail belonging to Judgment–Defendant").

IT IS THEREFORE RECOMMENDED that Defendant's Claim for Exemptions [Doc. #21] be DENIED.

This, the 31st day of July, 2012.

/s/ Joi Elizabeth Peake<br>United States Magistrate Judge